IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

FILED
IN OPEN COURT

MAR 24 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:15cr161 |
| ) | |
| TARIK KHALIL LONG, ) | |
| ) | |
| *Defendant.* ) | |

## STATEMENT OF FACTS

This statement of facts is submitted in support of the guilty pleas to Counts One and Three of the Indictment. Count One charges the defendant with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B). Count Three of the Indictment charges felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). This statement of facts contains information necessary to support the guilty plea. It is not intended to include each and every fact in the case. If the matter had gone to trial, the United States would have proven Counts One and Three of the Indictment by proof beyond a reasonable doubt of the facts set forth below.

On August 29, 2000, the defendant, Tarik Khalil LONG (LONG), was sentenced in Norfolk Circuit Court upon a conviction for possess cocaine with intent to distribute. On September 14, 2006, LONG was sentenced in Norfolk Circuit Court upon a subsequent conviction for possess cocaine with intent to distribute. LONG's civil rights were not restored.

From in or about February 2015 and continuing thereafter until on or about August 15, 2015, in the Eastern District of Virginia (EDVA) and elsewhere, LONG combined, conspired, confederated and agreed with other persons to distribute and possess with intent to distribute 100

grams or more of heroin, a Schedule I narcotic controlled substance. From in or about May 2015 through August 15, 2015, LONG regularly distributed heroin to D.D. for further distribution in the following quantities: 3.5 grams, 7 grams (one-quarter ounce), 14 grams (one-half ounce), 21 grams, 28 grams (one ounce), 35 grams and 42 grams. LONG frequently distributed heroin to D.D. on or more times per day during this period at various locations in Norfolk and Virginia Beach. D.D. paid LONG $1000 for 7 grams (one-quarter ounce) of heroin. During the conspiracy, LONG referred some of his heroin customers to D.D. Thereafter, D.D. sold heroin to these individuals on a regular basis.

On or about August 15, 2015, LONG distributed 21 grams of heroin to D.D. Later on August 15, 2015, Virginia Beach Police (VBPD) narcotics detectives arrested D.D. and seized from him approximately 3.3 grams of heroin. Following his arrest, D.D. agreed to cooperate with the police by contacting his supplier, LONG. D.D. contacted LONG who agreed to distribute an additional quantity of heroin to D.D. LONG directed D.D. to meet LONG at the Wawa located at 5701 Northampton Boulevard in Virginia Beach. At approximately 8:22 p.m., LONG called D.D. and informed him that he (LONG) was waiting for D.D. at the Wawa. At the Wawa, D.D. pointed out LONG's black 2006 Infiniti to the police. Shortly thereafter, VBPD narcotics detectives approached LONG's vehicle and arrested LONG. The police seized approximately 261.1 grams of heroin, marijuana and approximately $4,311 in cash from LONG's person. LONG identified a townhouse in the 700 block of Grant Street in Virginia Beach as his residence. The police transported LONG to the Virginia Beach Jail.

VBPD obtained a search warrant for LONG's residence. On August 16, 2015 at approximately 1:35 a.m., VBPD executed the search warrant at LONG's residence. An individual who identified himself as LONG's brother (A.B.) pointed out LONG's bedroom for the police. A.B. was in possession of keys to silver 2004 Toyota 4Runner which was parked in

the driveway in front of the residence. A.B. later admitted ownership of the vehicle.

While the police were searching LONG's residence, a VBPD detective was monitoring LONG's phone calls from the Virginia Beach Jail. The detective intercepted several telephone conversations between LONG and A.B. During these calls, the detective overheard LONG instruct A.B. to find the "powder" in the black bag and the "hammer" in the yellow blanket in LONG's bedroom and get those items out of the house. VBPD located a firearm, further described as an FNH Model Five-Seven 5.7x28mm caliber semi-automatic pistol, wrapped in a yellow blanket in the closet of LONG's bedroom. This firearm was manufactured outside of Virginia and had previously traveled in interstate commerce. The police then searched the silver 2004 Toyota 4Runner parked in the driveway and located, on the passenger side floorboard, a black plastic bag containing approximately 375.64 grams of heroin.

While the police were searching the residence, a concerned citizen contacted the VBPD and informed the police that there were drugs hidden in a fence post on the property at LONG's residence. The police then found, concealed in a fence post on the property, 29.64 grams of marijuana and 135 capsules containing heroin.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov

3

<u>Defendant's Signature</u>:  After consulting with my attorney and pursuant to the plea agreement entered into this day between myself, the United States and my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Defendant

<u>Defense Counsel's Signature</u>:  I am Tarik Khalil Long's attorney.  I have carefully reviewed the above Statement of Facts with him.  To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Counsel for the Defendant

4