UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TARIK KHALIL LONG,

      Petitioner,

v.

      CIVIL ACTION NO. 2:17cv219
      [ORIGINAL CRIMINAL NO. 2:15cr161]

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion" or "Motion"), submitted April 17, 2017. Mot., ECF No. 39.[1] On the same day, the Petitioner also submitted a "Pro Se Memorandum of Law and Facts" in support of his § 2255 Motion ("Memorandum"). Mem., ECF No. 40. The government responded on September 1, 2017, and forwarded a copy of its Response to the Petitioner on September 7, 2017. ECF Nos. 47, 48. The Petitioner filed a Reply to the government's Response on October 19, 2017. ECF No. 49. Though

---

[1] Because the Petitioner is proceeding pro se, the court liberally construes the Motion. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Additionally, the court accepts the Motion as effectively filed on the date the Petitioner certifies he placed it in the prison's internal mailing system, which is April 12, 2017. See Houston v. Lack, 487 U.S. 266, 270-72 (1988) (articulating the prison mailbox rule).

the Petitioner's Reply was untimely and lacked a certificate of service, the court lifted the defects and forwarded a copy of the Reply to the United States Attorney. ECF No. 50. The matter is now ripe for consideration.

For the reasons below, the court **DENIES** the Petitioner's Motion in all respects except one, that being the Petitioner's claim that his counsel was ineffective for failing to file an appeal as instructed by the Petitioner. On that claim only, the court **WITHOLDS RULING** until an evidentiary hearing is conducted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Starting in approximately May 2015 until approximately August 2015, the Petitioner distributed heroin to an individual referred to as D.D.[2] Statement of Facts at 2, ECF No. 25. D.D. would then further distribute the drugs in smaller quantities. Id. On approximately August 15, 2015, Virginia Beach Police Department ("VBPD") officers arrested D.D. and seized from him approximately 3.3 grams of heroin. Id. Following his arrest, D.D. agreed to cooperate with VBPD by contacting his supplier, the Petitioner. Id. VBPD officers then arrested the Petitioner and seized from him approximately 261.1 grams of heroin, marijuana, and approximately $4,311 in cash. Id. A search of the Petitioner's residence yielded a semi-automatic pistol, and a

---

[2] The Statement of Facts states the conspiracy started earlier, in about February 2015. Statement of Facts at 1.

search of a car parked at his residence yielded an additional 375.64 grams of heroin. Id. at 3.

On December 16, 2015, the Petitioner was charged by a Three-Count Indictment with (1) Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or More of Heroin, in violation of 21 U.S.C. § 846; (2) Possession of 100 or More Grams of Heroin with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and (3) Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On March 24, 2016, the Petitioner appeared before the Honorable Magistrate Judge Douglas E. Miller for a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Attach. 1 to Gov't Resp. ("Plea Hr'g Tr."), ECF No. 47-1. After conducting a Rule 11 colloquy, the court accepted the Petitioner's plea of guilty on Counts One and Three. Id. at 1-24. The remaining Count was dismissed. Plea Agreement at 5, ECF No. 24.

On September 2, 2016, this court adjudged the Petitioner guilty and sentenced him. ECF No. 35. The court determined that the Petitioner was a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 because he had two state court convictions for Possession of Cocaine with Intent to Distribute, in violation of Virginia Code § 18.2-248. Presentence Investigation Report ("PSR") at ¶ 30, ECF No. 30. As

3

such, the Petitioner was sentenced to three hundred (300) months' imprisonment, consisting of three hundred (300) months on Count One and one hundred twenty (120) months on Count Three, to run concurrently, followed by eight (8) years of supervised release. ECF Nos. 35, 36.

In his Memorandum and Reply, the Petitioner claims (1) that he received ineffective assistance of counsel in entering the plea agreement, Mem. at 4-18; Reply at 2-13, and (2) the sentence he received was above the maximum authorized by law, Mem. at 18-22; Reply at 13-16. In support of his ineffective assistance of counsel claim, the Petitioner asserts first that his counsel was constitutionally deficient for failing to argue that no conspiracy exists where the only other party to such conspiracy is a confidential informant. Mem. at 4; Reply at 2-7. Second, the Petitioner claims his counsel failed to file an appeal contrary to the Petitioner's instruction. Mem. at 11; Reply at 7-10. Third, the Petitioner claims his counsel failed to apprise him of the ramifications or nature of a plea agreement. Mem. at 13; Reply at 10-13. Next, in support of his sentencing claim, the Petitioner first asserts that he erroneously received the career offender enhancement because his two prior convictions are more than fifteen years old. Mem. at 19. The Petitioner also contends that his prior convictions

4

are not controlled substance offenses under U.S.S.G. § 4B1.2(b). Mem. at 21-22; Reply at 13-16.

For the reasons below, this court **REJECTS** the Petitioner's argument that his sentence was unlawful. The court also **REJECTS** the Petitioner's claim that his attorneys were ineffective because they failed to object to the Petitioner's conspiracy charge and explain the ramifications of the plea agreement. However, the court **WITHOLDS RULING** on the Petitioner's claim that counsel failed to file a notice of appeal as instructed and **GRANTS** the Petitioner an evidentiary hearing on that question.

## II. LEGAL STANDARD FOR § 2255 PETITIONS

A prisoner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack," if a petitioner shows that the proceedings suffered from "'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

5

The prisoner bears the burden of proving one of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If he satisfies that burden, the court may vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(b). However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. THE PETITIONER'S SENTENCE

### Ground One

The Petitioner contends that his sentence was unlawful because his state court convictions are not categorical matches with a controlled substance offense under U.S.S.G. § 4B1.2(b). Mem. at 21; Reply at 13-16. The Petitioner is incorrect.

Under § 4B1.1, a defendant is a career offender if, inter alia, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Section 4B1.2(b) defines a "controlled substance offense" as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit

6

> substance) with intent to manufacture,
> import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

To determine whether a defendant's prior conviction constitutes a controlled substance offense under this provision, the court must determine whether "the elements of the prior offense correspond in substance to the elements" of a controlled substance offense. Taylor v. United States, 495 U.S. 575, 599 (1990). In so doing, the court applies a categorical approach, "looking 'only to the fact of conviction and the statutory definition of the prior offense.'" United States v. Dozier, 848 F.3d 180, 183 (4th Cir. 2017) (quoting Taylor, 495 U.S. at 602). If such information establishes that the prior offense is a match with the Guidelines offense, then the enhancement applies. Id.

However, where a statute is "divisible," "list[ing] elements in the alternative[] and thereby defin[ing] multiple crimes," looking at the statute is insufficient to determine whether a petitioner was convicted of an offense that matches the Guidelines offense. Id. (quoting Mathis v. United States, 136 S. Ct. 2243, 2249 (2016)). As such, the court may apply a modified categorical approach. Id. Under such an approach, the sentencing court may "consult 'a limited class of documents'—

otherwise known as _Shepard_ documents—'to determine what crime, with what elements, a defendant was convicted of.'" Id.

If "there [is] no dispute regarding the fact[s]" related to a prior conviction, however, "the judge [does] not need to enter into any fact[-]finding . . . within the meaning of . . . _Shepard_." United States v. Collins, 412 F.3d 515, 523 (4th Cir. 2005). Accordingly, the _Shepard_ rule is not implicated, and the court may proceed on the basis of the facts to which the parties agree. United States v. Alston, 611 F.3d 219, 226 (4th Cir. 2010) ("In short, _Shepard_ prevents sentencing courts from assessing whether a prior conviction counts as a[] . . . predicate conviction by relying on facts neither inherent in the conviction nor admitted by the defendant." (emphasis added)).

As stated previously, a controlled substance offense is an offense that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The statute under which the defendant was previously convicted, Virginia Code § 18.2-248, makes it "unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give[,] or distribute a controlled

8

substance or an imitation controlled substance." Va. Code Ann. § 18.2-248(A). Up to this point, therefore, the statutes match.

However, to qualify as a controlled substance offense under U.S.S.G. §§ 4B1.1(a) and 4B1.2(b), the prior offense must also be "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(b). Virginia Code § 18.2-248 is divided into subsections prescribing various terms of imprisonment on the basis of factors such as the nature and quantity of the substance at issue. Va. Code Ann. § 18.2-248(C), (C1), (D), (E1), and (F). Under this statutory scheme, if the substance is classified as Schedule V or VI, then a defendant is guilty only of a misdemeanor, Va. Code Ann. § 18.2-248(F), and consequently punishable by a term not to exceed one year, id. § 18.2-11. Therefore, on the face of § 18.2-248 alone, it is unclear whether the Petitioner's prior convictions qualify as controlled substance offenses because the statute does not conclusively establish that the Petitioner was subject to a term of imprisonment exceeding one year. The modified categorical approach accordingly applies, and this court may look to Shepard-approved materials to determine the nature of the Petitioner's prior convictions.

However, here, the Petitioner admits that he was twice convicted of Possession with Intent to Distribute Cocaine, a

Schedule II substance. Va. Code Ann. § 54.1-3448; Mem. at 19. A person convicted of "manufacturing, selling, giving, distributing, or possessing" a Schedule II substance is to "be imprisoned for not less than five . . . years." Va. Code Ann. § 18.2-248(C). As such, the offense for which the Petitioner was convicted matches the definition of a controlled substance offense under U.S.S.G. § 4B1.2(b). The Petitioner's receipt of the career offender enhancement was therefore lawful.

## Ground Two

The Petitioner also contends that the enhancement he received for being a career offender was unlawful because his prior convictions were more than fifteen years old. Mem. at 19. The Petitioner is incorrect.

Under § 4A1.2(e)(1) of the Sentencing Guidelines, a sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense does not qualify as a prior offense. U.S.S.G. § 4A1.2(e)(1). However, an exception exists for "any prior sentence . . . , whenever imposed," if that sentence "resulted in the defendant being incarcerated during any part of such fifteen-year period." Id. As such, a prior sentence imposed more than fifteen years before the commencement of the instant offense counts if the defendant's probation on that sentence is revoked and he is

incarcerated within the fifteen-year timeframe. United States v. Stewart, 383 F. App'x 350, 351-52 (4th Cir. 2010) (citing United States v. Romary, 246 F.3d 339, 342-43 (4th Cir. 2001)).

Here, the Petitioner agrees that he was sentenced for his first conviction on August 29, 2000, and for the second on September 14, 2006. Mem. at 19; Gov't Resp. at 18. Furthermore, neither party disputes that the Petitioner's first sentence, which was initially suspended, was reactivated on September 18, 2006, when he violated the terms of his supervised release. Attach. 1 to § 2255 Mot.; Gov't Resp. at 18. Both of these prior sentences fall within the fifteen-year range, even without considering the Petitioner's revoked probation on the August 29, 2000, sentence. On the first sentence, only fourteen years and five months had passed when the Petitioner commenced the instant offense, and on the second, only eight years and four months. Further yet, the Petitioner's August 29, 2000, sentence was reactivated on September 18, 2006, when he violated the terms of his probation. Attach. 1 to § 2255 Mot. As such, neither of the Petitioner's prior convictions is too old to qualify as a prior sentence for the career offender enhancement.

11

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

### Ground One

The Petitioner asserts that his counsel provided constitutionally deficient assistance by failing to challenge the government's conspiracy charge. Mem. at 4; Reply at 2-7. According to the Petitioner, such a charge was incorrect because the other party to the conspiracy was a confidential informant. Mem. at 4. The Petitioner's claim is without merit.

To claim ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, that (1) the attorney's performance was seriously deficient; and (2) such deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

To show deficient performance, counsel's actions or omissions must be measured against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996); see also Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). The court must attempt to "eliminate the distorting effects of hindsight," and instead "must indulge a strong presumption that counsel's conduct falls

12

within the wide range of reasonable professional assistance."
Strickland, 466 U.S. at 689.

To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In doing so, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). A failure to carry the burden of proof as to one prong precludes relief and relieves the court of the duty to consider the other. Strickland, 466 U.S. at 700.

This "two-part Strickland test applies to challenges on guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 59 (1989). In such cases, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of

competence demanded of attorneys in criminal cases.'" Id. (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

It is true that no conspiracy can exist where the only other co-conspirator is a government agent. United States v. Robinson, 186 F. App'x 375, 378 (4th Cir. 2006). However, an ongoing conspiracy is not extinguished merely because a party to that conspiracy agrees to cooperate with the government and thereby becomes a government agent. Id.; Olton v. United States, No. 3:03CR127-1, 2011 WL 4565470, at *11 (W.D.N.C. Sept. 29, 2011) (finding counsel's decision not to request a jury instruction that no conspiracy can exist with a government agent reasonable where a conspiracy had been ongoing for five months before the co-conspirator became a government agent).

Here, the Petitioner distributed heroin to D.D. for approximately three months before D.D. was arrested and agreed to cooperate with the government. Statement of Facts at 2. Accordingly, the parties' conspiracy was not extinguished by virtue of D.D.'s arrest. Robinson, 186 F. App'x at 378-79. In his Reply, the Petitioner contends that the United States' Response and the Statement of Facts show that D.D. was cooperating with the government for three months prior to his arrest. Reply at 4. However, nothing in the United States' Response or the Statement of Facts establishes the existence of

14

such cooperation. Rather, the Statement of Facts specifically provides that "[f]ollowing his arrest, D.D. agreed to cooperate with the police by contacting his supplier." Statement of Facts at 2 (emphasis added). For this reason, the Petitioner has failed to show that his attorneys' failure to challenge the conspiracy charge fell below the standard of reasonable professional assistance. Accordingly, the Petitioner's claim is without merit.

## Ground Two

The Petitioner also argues that his attorneys were deficient because they failed to explain the ramifications of a plea agreement to him. Mem. at 13; Reply at 10-13. Specifically, he contends that counsel failed to explain the criminal charges and potential sentence he faced, or inform him of his right to contest his charges. Mem. at 14-15. The Petitioner also contends that counsel told him his only options were to plead guilty or face life in prison, and that the government would not use his prior convictions at sentencing. Id. In his Reply, the Petitioner further avers that his counsel told him that "he was not facing more 120-months." Reply at 11. The Petitioner's claim is without merit.

"In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath

15

affirming satisfaction with counsel are binding on the petitioner absent 'clear and convincing evidence to the contrary.'" Vann v. United States, No. CIV.A. 2:05CV725, 2006 WL 721377, at *3 (E.D. Va. Mar. 20, 2006) (citing Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992)). "In the absence of extraordinary circumstances, the truth of sworn statements made during a plea colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statement." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005); see also Rowsey v. United States, 71 F. Supp. 3d 585, 597-98 (E.D. Va. 2014).

Furthermore, where a petitioner feels that his attorney has not adequately explained the plea agreement to him or has provided incorrect information regarding his sentence, he cannot show prejudice if the court corrects the alleged inadequacy or error during the plea colloquy. Vann, 2006 WL 721377, at *4; see also United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (So long as the court "corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between

the court and defendant."); United States v. Amezquita-Franco, No. 3:12CR52-HEH, 2015 WL 631328, at *3 (E.D. Va. Feb. 13, 2015), appeal dismissed, 604 F. App'x 303 (4th Cir. 2015) (finding the petitioner's "contention that his counsel promised he would receive a specific sentence" and was therefore ineffective foreclosed by the petitioner's "sworn statements during the Rule 11 colloquy.").

Here, the Petitioner has failed to point to any specific facts to establish his conclusory allegations that counsel failed to inform him of the consequences of entering a plea agreement. The Petitioner's statements at the plea hearing are contrary to that claim. At that hearing, the Petitioner offered his sworn confirmation that: (1) he had reviewed the plea agreement, understood "everything contained in the document," and had no questions about its terms, Plea Hr'g Tr. at 10; (2) his attorneys had "explained the various considerations which go into determining how the [G]uidelines" would apply to his case, id. at 17; and (3) he was "satisfied that [his] attorneys ha[d] fully considered the facts and discussed with [him] any possible defenses [he] may have to these charges," id. at 15.

Notwithstanding such statements, the Petitioner has also failed to demonstrate prejudice from any alleged failure on the

17

part of his attorneys. As the record shows, the magistrate judge provided the information the Petitioner claims his attorneys did not. Specifically, the court outlined: (1) the elements and associated sentence for each of the Petitioner's charges, id. at 6-9; (2) the increased mandatory minimum sentence he faced pursuant to the government's § 851 filing, and therefore, the fact that the government intended to use his prior conviction at sentencing, id. at 7; (3) that the Petitioner's sentence would be based upon the Sentencing Guidelines and "all of [his] conduct, not just the minimum conduct necessary to establish the elements of [each] offense," id. at 13; (4) that the sentencing judge was not bound by any recommendation that the parties may make as to the Petitioner's sentence, and therefore, that the Petitioner was guaranteed no specific sentence, id. at 14; (5) that the Petitioner had the right not to plead guilty and go to trial, id. at 9; and (6) the catalogue of all the rights the Petitioner was waiving by pleading guilty, id. at 11-13.

Petitioner's claim is therefore foreclosed by the thorough plea colloquy he received. Even if he did not understand the charges, sentence, or fundamental trial rights he possessed because of his counsel's alleged failures, the court corrected that deficiency in its colloquy. Accordingly, the Petitioner's claim fails.

### Ground Three

Finally, the Petitioner contends he requested "on several occasions" for his counsel to file an appeal challenging his sentence and conviction. Mem. at 11; Reply at 7-10. The Petitioner is entitled to an evidentiary hearing on this factual question.

Where there is a factual dispute between a petitioner and his attorneys as to a request for an appeal, the court must hold an evidentiary hearing before issuing its ruling. United States v. Diaz, 547 F. App'x 303, 304 (4th Cir. 2013); Faulcon v. United States, No. 14cv433, 2016 WL 8290701, at *1 (E.D. Va. May 9, 2016) (finding an evidentiary hearing required where the petitioner claimed he requested an appeal and submitted affidavits from himself and his mother in support). This is so even though the defendant may have waived his right to an appeal in the plea agreement. United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007) (A defense attorney is required "to file a notice of appeal [if he is] unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interest."); United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000) ("An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective.").

Here, the Petitioner submits the affidavit of his mother in support of his assertion that he requested an appeal. Attach. 2 to § 2255 Mot., ECF No. 39-2. The government submits the affidavits of the Petitioner's prior attorneys who represent that he never made such a request. Attachs. 2 & 3 to Gov't Resp., ECF Nos. 47-2, 47-3. Accordingly, "because the instant factual dispute turns solely on credibility," the court must conduct an evidentiary hearing. Furlow v. United States, No. 4:11CR89, 2015 WL 1349962, at *6 (E.D. Va. Mar. 23, 2015).

Because an evidentiary hearing is necessary, the court **DIRECTS** the appointment of counsel to represent the Petitioner at such hearing as required by Rule 8(c) of the Rules Governing § 2255 Proceedings in U.S. District Courts. R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006(A)."). As soon as counsel is appointed, the parties are **DIRECTED** to contact the calendar clerk to schedule a date for the evidentiary hearing. The Petitioner **must** appear in person for this evidentiary hearing. Accordingly, counsel shall ensure that the date chosen for the hearing affords the United States Marshals Service adequate time to transport the Petitioner to this court, and the United States Attorney shall

prepare and file the appropriate writ to secure the Petitioner's appearance at the hearing.

## V. CONCLUSION

For the reasons stated herein, the Motion is **DENIED**, except as to the Petitioner's claim that his trial counsel failed to file an appeal, as allegedly instructed to do by the Petitioner. As to this claim, the court **GRANTS** the Petitioner's request for an evidentiary hearing and **WITHOLDS RULING** on the merits of this claim only.

The Petitioner is also **ADVISED** that he may not appeal this Memorandum Opinion and Order, until a final judgment has been entered on all of the claims he raises. The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to the Petitioner; to the United States Attorney at Norfolk; to Andrew M. Sacks and Chad G. Dorsk, the Petitioner's trial attorneys; and to the United States Marshal.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

October 23, 2017